277 So.2d 427

**Charlie ANDERSON**

v.

**STATE.**

**6 Div. 456.**

Court of Criminal Appeals of Alabama.

Feb. 20, 1973.

Rehearing Denied March 20, 1973.

E. C. Herrin, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant, Charlie Anderson, appeals from the denial of a petition for writ of error coram nobis, wherein the appellant averred three grounds, which are: (1) That he appeared in a line-up on January 6, 1970, at the City Hall, by the Birmingham City Police without counsel; (2) that he was denied the right to counsel at preliminary hearing conducted shortly thereafter; (3) that he was "tried by an all-white jury in the case involving a white man and in a State known as a rule to practice discrimination among the races."

At the hearing conducted on July 11, 1972, it developed that the appellant had initially been indicted by the February Session of the Grand Jury of Jefferson County for robbery of one Roy Lee Crawford, and that such indictment was served on him on February 7, 1970; that arraignment took place on May 12, 1970, and trial commenced on May 13, 1970, wherein the appellant was represented by counsel, found guilty, and the Jury's verdict fixed punishment at life imprisonment in the penitentiary. The appellant was sentenced in accordance with this verdict, and did not appeal.

The appellant offered no evidence in support of allegations, (1) in his petition pertaining to a line-up without counsel, and in all events such did not constitute per se grounds for granting the petition in question. See Shewey v. State, 48 Ala.App. 730, 267 So.2d 520, and cases cited therein.

In reference to ground (3) of the petition, the appellant likewise offered no evidence in support of this allegation, and further this Court twice within the past three years has reviewed in detail allegations, under evidence offered in support thereof, pertaining to the composition of juries and jury venires in the Birmingham Division of Jefferson County, Alabama, with reference to age, sex, and race, and determined that such contentions were without merit. See Junior v. State, 47 Ala.App. 518, 257 So.2d 844, cert. den. 288 Ala. 744, 257 So.2d 852; and Bryant and Williams v. State, 6 Div. 339, 49 Ala.App. 359, 272 So.2d 286, cert. den. January 11, 1973, 289 Ala. 740, 272 So.2d 297.

Finally, (2) the appellant's only evidence was to the effect that he lacked counsel at his preliminary hearing in January, 1970.

In Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, the Supreme Court of the United States held that its opinion in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, on the question of counsel at preliminary hearing where, as here, the party is indigent, does not apply retroactively to preliminary hear-

ings conducted before June 22, 1970, the date of the Coleman opinion. Lamberth v. State, 48 Ala.App. 134, 262 So.2d 622.

It follows, therefore, that the action of the trial court in denying the appellant's petition for writ of error coram nobis was in all respects proper, and the judgment appealed from is due to be and the same is hereby

Affirmed.

ALMON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., concurs in result.